```
        UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**1STARR DALTON,**

      **Plaintiff,**

**v.**                                    **Case No. 2:10-cv-00214**

**WEST VIRGINIA DIVISION OF CORRECTIONS,**
**DAVID BALLARD, Warden, Mount Olive**
**Correctional Complex, JIM RUBENSTEIN,**
**Commissioner, West Virginia Division of**
**Corrections, CPT. JASON COLLINS,**
**LT. MARGARET CLIFFORD, LT. JAMES MCCLOUD,**
**SGT. BRIAN MATTOX, SGT. CURTIS DIXON,**
**CPS. CLINT RYAN, CPL. NATE KENDRICK,**
**MICHAEL ANGEL, GARRATTE ADAMS, and**
**BRIAN GREENWOOD,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Plaintiff, 1 Starr Dalton, filed the instant Complaint (docket sheet document # 3), an Application to Proceed in forma pauperis (# 1), and a Motion to Proceed in forma pauperis (# 2) on March 1, 2010. By Standing Order, this civil action was referred to the undersigned Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This screening is usually done prior to consideration of the Application to Proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also, Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998)("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").")

Plaintiff's assertion in his Complaint that he has filed no prior lawsuits relating to the same facts involved in this action

or related to his imprisonment (# 3 at 1) is irrelevant to section 1915(g).  The issue is whether his prior cases were dismissed on one of the listed grounds.

The instant case is one in a long line of actions (thirteen so far) Plaintiff has filed in which he has taken issue with the fact or conditions of his confinement or the denial of parole. Plaintiff filed a petition for a writ of habeas corpus, <u>Dalton v. McBride</u>, No. 1:07-cv-74 (S.D. W. Va. July 9, 2007), which was determined to be barred by the one-year period of limitations.  His appeal was dismissed.  <u>Dalton v. McBride</u>, No. 07-7111 (4th Cir. Oct. 24, 2007).  A subsequent habeas corpus petition, <u>Dalton v. Rubenstein</u>, No. 1:08-cv-901 (S.D. W. Va. Mar. 3, 2009), was dismissed as untimely and successive.  His appeal of that order was similarly dismissed.  <u>Dalton v. Rubenstein</u>, No. 09-6525 (4th Cir. Aug. 5, 2009).  Plaintiff has also filed one civil action under 28 U.S.C. § 1651, seeking a writ of mandamus, which the undersigned has recommended be dismissed with prejudice under 28 U.S.C. §§ 1915A and 1915(g).  <u>Dalton v. Goodwin</u>, 2:09-cv-01558.  That matter is pending before the Honorable Thomas E. Johnston, United States District Judge.

Plaintiff has also filed ten civil actions, including this one, under 42 U.S.C. § 1983, several of which challenge decisions of the West Virginia Parole Board, and others of which assert that the defendants therein allowed excessive force to be used against

Plaintiff while he has been incarcerated.[1] At least three of these civil actions have been dismissed on the grounds that the cases were frivolous or failed to state a claim upon which relief can be granted, and can be counted towards the three cases described under section 1915(g).  Plaintiff's present Complaint alleges that Plaintiff was subjected to the use of excessive force in March of 2008.  The Complaint does not allege that Plaintiff is under imminent danger of serious physical harm.  (# 3)[2]

Accordingly, the undersigned **FINDS** that, while incarcerated or detained, Plaintiff has previously filed at least three actions in a court of the United States which have been dismissed as frivolous, malicious or for failure to state a claim, and that Plaintiff's present Complaint fails to state any facts indicating that he is under imminent danger of serious physical injury. Pursuant to the provisions of 28 U.S.C. § 1915(g), it is hereby

---

[1] Those cases are as follows: Dalton v. W. Va. Division of Corrections, 2:08-cv-00335; Dalton v. W. Va. Parole Board, 2:08-cv-00956; Dalton v. W. Va. Parole Board, 2:08-cv-00957; Dalton v. W. Va. Parole Board, 2:08-cv-00958; Dalton v. W. Va. Division of Corrections, 2:08-cv-01151; Dalton v. W. Va. Division of Corrections, 2:08-cv-01153; Dalton v.  W. Va. Parole Board, 2:08-cv-01216; Dalton v.  W. Va. Parole Board, 2:08-cv-01217; Dalton v.  W. Va. Parole Board, 2:08-cv-01218; and Dalton v. W. Va. Division of Corrections, 2:10-cv-00214 (the instant case).

[2] A review of the Complaint document indicates that Plaintiff simply re-filed a Complaint previously executed on May 4, 2008 and filed in this court on May 22, 2008.  That Complaint was dismissed by the court on August 25, 2009, for failure to exhaust administrative remedies.  Dalton v. West Virginia Division of Corrections, Case No. 2:08-cv-00335, ## 93, 97 and 98.

**ORDERED** that Plaintiff's Application to Proceed in forma pauperis (# 1) and Motion to Proceed in forma pauperis (# 2) be **DENIED**.

Plaintiff is hereby **ORDERED** to pay the $350 filing fee, in full, by **June 15, 2010**. If the filing fee is not received by that date, the undersigned will recommend that the presiding District Judge dismiss this civil action.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff.

ENTER:    May 13, 2010

Mary E. Stanley
United States Magistrate Judge